IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SCOTT A. GOODEN )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>SHERIFF'S DEPARTMENT )<br>RUTHERFORD COUNTY, )<br>TENNESSEE, et al. )<br>    Defendants. ) | Civil Action No.   3:19-cv-709<br>Chief Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

By Order October 28, 2019 (Docket No. 7), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The Plaintiff, Scott A. Gooden, was a pretrial detainee in the custody of Rutherford County Jail in Murfreesboro, Tennessee when he filed this action pro se on August 15, 2019. Docket No. 1. Upon initial review, the Court found that the Complaint stated the following actionable §1983 claims: Fourteenth Amendment claims against Jared Keith and Jason Leathers in their individual capacities based on the use of excessive force against a pre-trial detainee; First Amendment religious discrimination claims against Rutherford County and the City of Murfreesboro based on the policy of providing special holiday meal trays to inmate adherents of some religions but not the Jewish faith; equal protection claims against Rutherford County and the City of Murfreesboro based on the policy of providing certain programs, services, and opportunities to female inmates but not to male inmates at the same jail; and First Amendment claims against Rutherford County and the City of Murfreesboro based on the policy of not allowing inmates access to any outgoing or legal mail. Docket No. 7. In addition, the Court has supplemental jurisdiction of Plaintiff's state law defamation claims against Fox News Corp., Rutherford County Sheriff's Department, the City

of Murfreesboro, Rutherford County, the State of Tennessee, the United States of America, and Hayley Burnett. *Id.* The Court dismissed numerous other claims brought by the Plaintiff. *Id.*

Pursuant to the October 28, 2019, Order, the Clerk mailed to Plaintiff nine service packets which he was to complete and return so that process could issue in this case. To date, the Plaintiff has not returned the completed service packets or otherwise made any type of response to the October 28, 2019, Order. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filing since filing a notice on September 12, 2019. Docket No. 5.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendant in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return the service packets to the clerk for service as directed or to otherwise take any activity in the case for over two years indicates that he has lost interest in prosecuting his case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua*

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

---

*sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.